UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DETELIN DRAGANOV,

        Plaintiff,

v.

STATE OF WASHINGTON, et al.,

        Defendants.

CASE NO. C13-0260RSL

ORDER OF DISMISSAL

On February 19, 2013, the Court directed plaintiff to file an amended complaint which clearly and concisely identifies the acts of which the State of Washington is accused and how those acts violated plaintiff's legal rights. In response, plaintiff describes a King County District Court dispute between him and his landlord and asserts that the presiding judge did not properly investigate the action, did not treat plaintiff with dignity and respect, refused to let him testify or present evidence, and erroneously entered judgment against him. Plaintiff also mentions a disagreement about a protective order entered against him - apparently by another King County District Judge - five and a half years ago. Plaintiff appealed the dispute with his landlord in Superior Court, but was obstructed and delayed by a clerk of the court and had his car impounded as a result. The appeal was not handled as plaintiff hoped, and he ended up owing another month's rent to the landlord.

ORDER OF DISMISSAL
PAGE – 1

1    Plaintiff alleges that the State of Washington has knowingly, intentionally,
2 and discriminatorily failed to provide a non-corrupt judicial system. He states that he
3 was targeted for mistreatment in state court "for one reason - he used to have some
4 money." Dkt. # 12 at 4. He also suggests that housing discrimination may have been at
5 work. Plaintiff seeks correction of the state court orders, an investigation into possible
6 corruption, and money damages.

7    When the Court grants *in forma pauperis* status, the proposed complaint is
8 subject to review under 28 U.S.C. § 1915(d). "Section 1915(d) is designed largely to
9 discourage the filing of, and waste of judicial and private resources upon, baseless
10 lawsuits that paying litigants generally do not initiate because of the costs of bringing
11 suit and because of the threat of sanctions for bringing vexatious suits under Federal
12 Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The Court
13 has the power to dismiss an *in forma pauperis* complaint that is based on a indisputably
14 meritless legal theory or whose factual contentions are clearly baseless. Id.

15    Having reviewed plaintiff's submissions in this matter, the Court finds that
16 dismissal is appropriate. Plaintiff has not alleged a viable legal theory. The Eleventh
17 Amendment bars suits for damages in federal court against the state and any agencies or
18 arms of the state. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984).
19 Plaintiff has not alleged any federal constitutional violations or provided facts which
20 could support the claim of housing discrimination against the State. Errors in the
21 underlying state court decisions may be remedied through direct appeal, not through a
22 collateral action in federal court. Finally, this Court does not provide investigative
23 services or conduct fact-finding on behalf of litigants.

ORDER OF DISMISSAL
PAGE – 2

1  For all of the foregoing reasons, plaintiff's amended complaint is hereby
2  DISMISSED.

4  Dated this 8th day of April, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL
PAGE – 3